JESSE HAMPTON *v.* THOMAS H. BLAKEMORE ET AL.

**Land—Judicial Sale to Satisfy Lien—Necessary Parties.**

A petition for the sale of land to satisfy unpaid purchase money must allege. and plaintiff must show title in some party before the court, who should not adjudge a sale of the land without such an exhibition of title thereto.

APPEAL FROM CLARKE CIRCUIT COURT.

January 8, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

It sufficiently appears that the note of $400, dated January 5th, 1863, and asserted by the appellant was executed to him by Thomas H. Blakemore and George N. Blakemore in renewal of a balance of the price of about 121 acres of land which the appellant had sold to them, as commissioner in the suit of Hagan's heirs against Railsback.

This suit though referred to is not copied in this record, and it only appears informally that the title to the land in controversy is vested in some of the parties to that action, who do not appear to have been brought before the court in this. Neither Hampton nor Lisle has shown the title to be in any party before the court, from whom the court could cause it to be conveyed and it seems to us the court should not have adjudged an enforcement of the lien asserted by either party, by a sale of the land without an exhibition of the title with the proper parties before the court to enable the court to cause it to be conveyed.

It seems to us, also, that although the legal title not having been conveyed to the Blakemores or their vendees, the original vendor's lien may not have been waived by the settlement and other acts of the appellant relied on for that object by the appellees, the court could not without the hazard of injustice, determine the question as between the appellant and Lisle as to the priority of him or in fact whether the appellant occupied such an attitude with reference to the title holders and beneficiaries of the sale made by him as commissioner, as to entitle him to any lien at all, without bringing said parties before the court.

But for the reasons indicated the judgment is reversed without any judgment for costs against either party and the cause remanded for further proceedings consistent with this opinion.

*Simpkins & Buckner, for appellant.*

*Huston, for appellee.*